**Opinion issued January 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00046-CV

———————————

## IN RE MITCHELL CARTER, YOLANDA CARTER, AND PRODEX CREATIVE FLOORS, INC., Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

On January 14, 2014, Mitchell Carter, Yolanda Carter, and Prodex Creative Floors, Inc. (collectively, the "Relators") filed a petition for a writ of mandamus ordering the trial court to rescind a writ of execution to sell certain real property in satisfaction of a judgment.[1] Relators contend that there is no adequate remedy by

---

[1] The underlying case is *Houston Business Development, Inc. v. Mitchell M. Carter a/k/a Mitchell Meshall Carter d/b/a Prodex, Yolanda Carter a/k/a Yolanda Renee Carter, and Prodex Creative Floors, Inc.*, Cause No. 2010-03391, in Harris County Civil Court at Law No. 4, the Honorable Roberta A. Lloyd presiding.

appeal and that the trial court abused its discretion by issuing a writ of execution while Relators' appeal of the underlying judgment was pending before this Court.[2] We **deny** the petition for writ of mandamus.

Mandamus is an extraordinary remedy that is available when a trial court clearly abuses its discretion and there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). In this case, Relators have an adequate remedy by appeal because they can post a supersedeas bond to stay the writ of execution and any other actions to enforce the judgment during the pendency of their appeal. *See* TEX. R. APP. P. 24.1.

Moreover, the trial court's issuance of a writ of execution was not an abuse of discretion because, absent Relators' posting of a supersedeas bond, the judgment creditor in this case was entitled to seek enforcement of its judgment by the trial court while Relators' appeal was pending. *See* TEX. R. APP. P. 25.1(h) (filing notice of appeal does not suspend enforcement of judgment unless valid supersedeas bond is posted or appellant is entitled to supersede judgment without security); TEX. R. CIV. P. 627 ("If no supersedeas bond or notice of appeal, as

---

2   Relators' appeal of the underlying judgment is currently pending in this Court as Cause No. 01-13-00309-CV, *Mitchell M. Carter a/k/a Mitchell Meshall Carter d/b/a Prodex, Yolanda Carter a/k/a Yolanda Renee Carter, and Prodex Creative Floors, Inc. v. Houston Business Development, Inc.*

required of agencies exempt from filing bonds, has been filed and approved, the clerk of the court or justice of the peace shall issue the execution upon such judgment upon application of the successful party or his attorney after the expiration of thirty days from the time a final judgment is signed."); *Tex. Emp'rs' Ins. Ass'n v. Engelke*, 790 S.W.2d 93, 95 (Tex. App.—Houston [1st Dist.] 1990, no writ) ("A judgment creditor has a statutory right to have execution issued to enforce a judgment pending appeal, unless and until a valid supersedeas bond has been filed.").

Accordingly, the petition for a writ of mandamus is **denied**.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.